**Masood AHMED, Appellant**

v.

**LOWE'S HOME CENTERS, INC.**

**No. 08–3422.**

United States Court of Appeals, Third Circuit.

Submitted pursuant to Third Circuit LAR 34.1(a) June 11, 2009.

Opinion Filed: Sept. 9, 2009.

---

Jeffrey R. Elliott, Esq., Kozloff Stoudt, Wyomissing, PA, for Appellant.

Thomas J. Barton, Esq., Amy L. Bashore, Esq., Drinker, Biddle & Reath, Philadelphia, PA, for Appellee.

Before: McKEE, HARDIMAN and VAN ANTWERPEN, Circuit Judges.

### OPINION

McKEE, Circuit Judge

Masood Ahmed appeals the district court's grant of summary judgment in favor of Lowe's Home Centers, Inc. on Ahmed's claims of retaliation, discrimination, hostile work environment, and intentional infliction of emotional distress ("IIED"). For the reasons that follow, we will affirm.

### I.

As we write primarily for the parties, who are familiar with the facts of this case, we need not recite the factual or procedural history in detail.

■ We review the district court's grant of summary judgment *de novo* and apply the same test on review as the district court. *See MBIA Ins. Corp. v. Royal Indem. Co.*, 426 F.3d 204, 209 (3d Cir. 2005). Summary judgment is appropriate where there are no genuine issues of material fact. Fed.R.Civ.P. 56(c); *see also Fasold v. Justice*, 409 F.3d 178, 183 (3d Cir. 2005). Genuine issues of fact exist where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* (quoting *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). In reviewing a grant of summary judgment, we view all facts in the light most favor-

able to Ahmed as the nonmoving party. *See Bowers v. Nat'l Collegiate Athletic Ass'n,* 475 F.3d 524, 535 (3d Cir.2007).

Ahmed argues that the district court erred in concluding that he failed to a establish a prima facie case as to retaliatory discharge, and dismissing his retaliation claim for failure to establish that he was the victim of a retaliatory discharge that resulted from his complaints to the Human Resources Department about alleged unfair treatment by his supervisor, Doug Schmidt.

■ To establish a prima facie case of retaliatory discharge, Ahmed must show that: (1) he engaged in conduct protected by Title VII; (2) he was subject to an adverse employment action; and (3) there is a causal nexus between the protected conduct and the adverse action. *See Wilkerson v. New Media Tech. Charter Sch. Inc.,* 522 F.3d 315, 320 (3d Cir.2008); *see also Moore v. City of Phil.,* 461 F.3d 331, 340–41 (3d Cir.2006). The district court held that Ahmed failed to present evidence sufficient to raise any genuine issue of material fact as to the first prong of his retaliatory discharge claim, i.e. whether Ahmed's conduct was protected under Title VII.

To qualify as protected conduct under Title VII, Ahmed must show that he made Lowe's aware that he felt he was being discriminated against specifically because of his race or national origin. *See Slagle v. County of Clarion,* 435 F.3d 262, 268 (3d Cir.2006) (holding that a complaint that

does not explicitly or implicitly allege that membership in a protected class was the reason for mistreatment is too general to constitute protected conduct under Title VII).

■ Ahmed contends that his complaints to the Human Resources Department of Lowe's should be considered a protected activity under Title VII. However, there is nothing to support a finding that Ahmed mentioned mistreatment due to his race and national origin during his employment with Lowe's. Rather, the record indicates that while Ahmed did complain to the Human Resources Department about Schmidt on at least two separate occasions, Ahmed never alleged that Schmidt's treatment was based on Ahmed's race or national origin.[1]

Absent any such evidence there is nothing to support Ahmed's retaliatory discharge claim.

## II.

Ahmed also argues that the district court erred in dismissing his claim of discrimination based on race and national origin.

■ The district court found that although Ahmed had successfully made out the elements of a prima facie case of illegal employment discrimination based on race,[2] he failed to adduce evidence that the proffered reasons for terminating him were pretextual. *See McDonnell–Douglas*

---

1. Ahmed's own testimony as to his previous meetings with Lowe's Human Resources reveals the general, unspecific nature of his complaints: "Doug Schmidt called me a liar and hypocrite in his office, and about changing schedules of employees . . .," "Doug is not treating me very well . . .," and "Doug is mistreating me and calling me a liar and he thinks I'm not capable of doing anything." App. *at* 399:5–400:21, 404:12–407:16, 408:4–409:15 (Dep. Tr. of Ahmed).

2. To make out a prima facie case of employment discrimination based on race or national origin, a plaintiff must show: (1) he is a member of a protected class; (2) he was qualified for his position; (3) he was subject to an adverse employment action; and (4) he was discharged under circumstances that raise an inference of discrimination. *See Sarullo v. U.S. Postal Serv.,* 352 F.3d 789, 797 (3d Cir. 2003).

*Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

 Under the shifting burdens analysis of *McDonnell–Douglas,* once a plaintiff establishes a prima facie case of discrimination, "the burden [shifts] to the employer to articulate some legitimate, nondiscriminatory reason for" the adverse employment action. *Id.* at 802, 93 S.Ct. 1817. Thereafter, the plaintiff must show by a preponderance of the evidence that the legitimate, nondiscriminatory reasons offered by Lowe's are merely pretext for discrimination. *See Jones v. Sch. Dist. of Phil.,* 198 F.3d 403, 410 (3d Cir.1999) (citing *Tex. Dep't of Cmty. Affairs v. Burdine,* 450 U.S. 248, 252–53, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981)). To successfully make a showing of pretext, Ahmed must present evidence that either: (1) casts sufficient doubt upon each of the legitimate reasons proffered by Lowe's so that a factfinder could reasonably conclude that each reason was a fabrication; or (2) allows the factfinder to infer that discrimination was more likely than not a motivating or determinative cause in termination. *See Fuentes v. Perskie,* 32 F.3d 759, 762 (3d Cir.1994).

 Here, there is nothing to rebut the employer's claim that Ahmed was terminated because he violated the company's sexual harassment policy. On July 6, 2004, an Area Human Resources Manager for Lowe's, Diane Chuprun conducted an investigation regarding complaints filed by Dawn Madara. Madara claimed that Ahmed had made sexually inappropriate comments and advances towards her on two separate occasions.[3] After meeting with several employees separately, including Ahmed, to confirm Madara's account of the incidents, Chuprun forwarded her investigative materials to her supervisor, Regional Human Resources Manager Kenneth Zrowka. Zrowka subsequently met with Chuprun and another Human Resources manager on July 7, 2004 and decided to terminate Ahmed's employment.

Ahmed alleges that the Human Resources Department fast-tracked the sexual harassment investigation against him but failed to address several complaints he lodged about unfair treatment with regard to a citation he received from Schmidt for allegedly using profanity in the workplace. Ahmed asserts that the alleged disproportionate treatment of the two claims by Human Resources creates an inference of pretextual discrimination. However, Lowe's has never cited Ahmed's alleged use of profanity, or the related citation he received from Schmidt, as having any bearing on its decision to discharge him.

Ahmed must present evidence showing that the sexual harassment investigation resulting in his termination was somehow tainted by discriminatory motives. Rather than offer any such evidence to raise an issue of fact about that crucial question, Ahmed chooses to attack Madara and her motives for lodging the sexual harassment complaint.

The relevant question, however, is the integrity of the decisionmaking process leading up to the determination that Ahmed had violated the sexual harassment policy. Here, Ahmed fails to point to any facts to rebut the core facts surrounding the investigation of Madara's sexual harassment complaints. *See Kautz v. Met–Pro Corp.,* 412 F.3d 463, 467 (3d Cir.2005) (noting that "core facts" behind employer's proffered reason must be challenged, rather than the decision itself, to

---

**3.** On one occasion, Ahmed allegedly grabbed Madara by the face, kissed her cheek, and then grabbed both sides of her buttocks when she attempted to leave the vicinity. *See* App. at 754. Madara also alleges that Ahmed made sexually inappropriate comments concerning her and another female co-worker. *Id.* at 833.

establish existence of genuine issue of material fact). Accordingly, he cannot sustain his burden under *McDonnell–Douglas,* and we will therefore affirm the district court's order of summary judgment as to Ahmed's discrimination claim.

## III.

Ahmed also objects to the district court's dismissal of his hostile work environment claim.

■ To establish a hostile work environment claim under Title VII, Ahmed must prove (1) he suffered intentional discrimination because of his race or national origin; (2) the discrimination was "pervasive and regular"; (3) the discrimination detrimentally affected him; (4) the discrimination was sufficiently severe to have detrimentally affected a reasonable person in his position; and (5) a prima facie case of respondeat superior liability against his employer. *Andrews v. City of Phila.,* 895 F.2d 1469, 1482 (3d Cir.1990).

■ Ahmed asserts that as the only non-white supervisor in a managerial role at his location, he was treated differently by his supervisor. Specifically, Ahmed alleges that Schmidt called him incompetent, a hypocrite, and a liar, and that he was disciplined more severely than other managers. However, even if we accept such general complaints as fact, they do not rise to the level required to establish a hostile work environment under Title VII. *See Harris v. Forklift Sys., Inc.,* 510 U.S. 17, 21, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993). We further agree with the district court's conclusion that had Schmidt or any of Ahmed's co-workers "used racially insensitive language or threatened him because of his race," this case may well have been very different. *Ahmed v. Lowe's Co., Inc.,* 2008 WL 2967061, at *7 (E.D.Pa. July 31, 2008). However, that is not the record here.

## IV.

Finally, Ahmed contends that the district court erred in dismissing his IIED claim. The district court held that Ahmed's IIED claim was preempted by the Pennsylvania Workers' Compensation Act ("PWCA"), 77 Pa.C.S. § 1, et seq., as it does not fall within the 'personal animus' exception under that Act.

■ The PWCA bars IIED claims that arise out of an employment relationship. *See Matczak v. Frankford Candy & Chocolate Co.,* 136 F.3d 933, 940 (3d Cir.1997). There is, however, a narrow personal animus exception where the alleged injury was motivated by personal reasons as opposed to generalized contempt or hatred and did not arise in the course of employment. *See* 77 P.S. § 411; *see also Fugarino v. Univ. Servs.,* 123 F.Supp.2d 838, 844 (E.D.Pa.2000).

On appeal, Ahmed argues that the alleged harassment and discrimination he experienced at Lowe's arose out of Schmidt's, and others', "purely personal" contempt for Ahmed's race and national origin. *See* Appellant's Br. at 30. Even if we were to accept this argument, however, the allegedly discriminatory conduct does not support the claim that any hostile action against him was unrelated to his job. On the contrary, Ahmed does not contest that all of the harassment he alleges was exclusively related to his employment responsibilities at Lowe's. Therefore, we affirm the district court's dismissal of Ahmed's IIED claim.

## V.

For all the above reasons, we will affirm the district court's grant of summary judgment in favor of Lowe's on each of Ahmed's claims.